FILED
July 24, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: ac
DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **FRANCISCO JAVIER RAMIREZ LUNA, A# 218 052 645,** <br> **Petitioner,** <br> **v.** <br> **WARDEN, Karnes County Immigration Processing Center, ET AL.,** <br> **Respondents.** | § § § § § § § § § § § § | **NO. SA-26-CV-04289-OLG** |

**DISMISSAL ORDER**

Before the Court is the second 28 U.S.C. § 2241Petition for Writ of Habeas Corpus filed by Petitioner Francisco Javier Ramirez Luna. (Dkt. No. 1). Upon review, the Court finds that the Petition should be and hereby is **DISMISSED WITHOUT PREJUDICE** without service on Respondents. The Court also finds that Petitioner's Emergency Motion to Prevent Transfer, which is contained within the Petition, should be and hereby is **DISMISSED WITHOUT PREJUDICE AS MOOT**.

The Court previously ordered that Petitioner be given a bond hearing, *see Ramirez Luna v. Thompson, et al.*, No. 5:26-CV-03458-OLG, Dkt. No. 6 (W.D. Tex. June 6, 2026), and on June 11, 2026, Petitioner received one. (Dkt. No. 7). The immigration judge denied bond based on the finding that Petitioner is a flight risk. (*Id.*) Petitioner filed the instant case on July 8, 2026, asserting that his detention violates due process and seeking immediate release from custody or a new bond hearing. (Dkt. No. 1). Petitioner's first case was filed by counsel, but this current case was filed *pro se*.

Under the INA, the Court lacks jurisdiction to review an immigration judge's denial of bond following the custody redetermination hearing to which those detained under 8 U.S.C. § 1226(a) are entitled. Although Petitioner, as an applicant for admission mandatorily detained under 8 U.S.C. § 1225(b)(2)(A), was not entitled under the INA to such a bond hearing, *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 500 (5th Cir. 2026) (holding that "unadmitted aliens apprehended anywhere in the United States are ineligible for release on bond, regardless of how long they have resided inside the United States"), the Court determined that Petitioner was still entitled to as much process as those detained under § 1226(a), albeit on due process, rather than statutory, grounds. *Ramirez Luna v. Thompson, et al.*, No. 5:26-CV-03458-OLG, Dkt. No. 6 (W.D. Tex. June 6, 2026). It cannot now conclude, however, that an applicant for admission is entitled to even greater process with respect to custody redeterminations than those who are statutorily entitled to such redeterminations.

Although § 1226(e) does not deprive the Court of jurisdiction "to review statutory and constitutional challenges," *Oyelude v. Chertoff*, 125 F. App'x 543, 546 (5th Cir. 2005) (citing *Demore v. Kim*, 538 U.S. 510, 516–17 (2003)), Petitioner's claim is essentially a challenge to the IJ's weighing of the evidence and factual findings—a challenge the Court may not entertain. *See* 8 U.S.C. § 1226(e) ("No court may set aside any action or decision ... regarding the detention of any alien or the revocation or denial of bond or parole."); *Fuentes v. Lyons*, 808 F. Supp. 3d 733, 737–38 (S.D. Tex. 2025); *Shcherbinin*, 2025 WL 3687739, at *2; *see also Leon-Gonzalez v. Anda-Ybarra*, No. 26-CV-26-JKP, Dkt. No. 12 at *3 (W.D. Tex. Feb. 10, 2026); *Shcherbinin v. Rice*, No. 25-CV-1496, 2025 WL 3687739, at *2 (W.D. La. Dec. 9, 2025) (collecting cases), *report and recommendation adopted*, 2025 WL 3698403 (W.D. La. Dec. 19, 2025). Because § 1226(e)

precludes judicial review of the IJ's evaluation of the evidence with respect to custody redeterminations, the Court may not consider Petitioner's second request for habeas relief.

It is so **ORDERED**.

The Clerk is directed to **CLOSE** this case upon the entry of this Order.

**SIGNED** on July __24th__, 2026.

ORLANDO L. GARCIA
United States District Judge